a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| OLUFEMI SADIQ #60178-177, Plaintiff | CIVIL DOCKET NO. 1:22-CV-02138 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| ACTING WARDEN BAYSHORE, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed by pro se Petitioner Olufemi Sadiq ("Sadiq"). ECF No. 1. Sadiq is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Sadiq challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Sadiq has failed to exhaust administrative remedies, his Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I.  Background

Sadiq seeks an immediate release from confinement because the BOP has allegedly failed to credit him with 124 days of Federal Time Credit ("FTC"). ECF No. 1 at 6-7. He claims that he requested an FTC update from the Designation and Sentence Computation Center but received no response. ECF No. 1-2 at 1.

Sadiq was ordered to amend his Petition to show that he exhausted administrative remedies. ECF No. 6. In response, Sadiq confirmed that he only sent a letter to the Designation and Sentence Computation Center, to which he received

1

no reply. Sadiq then wrote to the Unit Manager. ECF No. 7 at 1-2. Sadiq alleges that he then wrote to "the Regional Office" but received no response. *Id.*

## II. Law and Analysis

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). The BOP has a four-step process for resolving complaints by prisoners. *See* 28 C.F.R. § 542.10. Initially, a prisoner must attempt to informally resolve the complaint with staff using a form BP-8. *Id.* at § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy (BP-9) to the Warden. *Id.* at § 542.14. If the prisoner is unsatisfied with the warden's response, he may appeal to the Regional Director (BP-10). *Id.* at § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel (BP-11), which is the final administrative appeal in the BOP remedy process. *See id.* Only after exhausting these available administrative remedies may an inmate seek relief through a § 2241 petition. *See Gabor*, 905 F.2d at 78 n. 2.

Sadiq did not properly exhaust by completing the BOP's four-step process. Exceptions to the exhaustion requirement may be appropriate only "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a

patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Such exceptions apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating circumstances warranting the waiver of the exhaustion requirement. *Id.*

Sadiq has not shown that administrative remedies are inappropriate to the relief sought or patently futile. The possibility of Sadiq's sentence expiring while the administrative remedy process is pending falls short of the "extraordinary circumstances" required. *See Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973); *Todd v. Reiser*, 3:21-CV-109, 2022 WL 1100321, at *2 (S.D. Miss. 2022), *report and recommendation adopted*, 2022 WL 1094653 (S.D. Miss. 2022) (the fact that it takes time to exhaust administrative remedies did not excuse Petitioner from completing the process); *Callahan v. Young*, 2013 WL 3346842, at *2 (W.D. La. 2013) (proper exhaustion was not excused by "the length of time that the administrative process would take"); *Mitchell v. Young*, 2011 WL 3879513, at *2 (W.D. La. 2011) (rejecting petitioner's argument that "further exhaustion would be futile because by the time the administrative remedy process has been completed, his release date will have come and gone."); *Goss v. Longley*, 2014 WL 4658970, at *2 (S.D. Miss. 2014) ("The possibility of [petitioner's] sentence expiring while the administrative remedy process is pending falls short of the 'extraordinary circumstances' required."); *Falcon v. Upton*, 2014 WL 712547, at *2 (N.D. Tex. 2014) (denying petition as unexhausted in spite of petitioner's claim that exhaustion would have interfered with her ability to obtain the full twelve months of placement in a halfway house).

## III. Conclusion

Because Sadiq has not properly and completely exhausted administrative remedies, IT IS RECOMMENDED that his § 2241 Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, October 27, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE